**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-31013**
**Summary Calendar**

_____

**CARL E. JACKSON,**

**Plaintiff-Appellant,**

**versus**

**TOWN OF JONESBORO;**
**POLICE DEPT. CITY OF JONESBORO;**
**W. RICHARD ZUBER;**
**MALLORY WALKER, also known as Mack Walker;**
**G. WESLEY HORTON,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(96-CV-531)**

_____

August 4, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Carl E. Jackson appeals, _pro se_, both the summary judgment dismissal of his 42 U.S.C. § 2000e, _et seq_, employment discrimination claim, and the court's denial of his motion for default judgment. We **AFFIRM**.

I.

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 31 May 1994, Jackson, a black police officer for the Town of Jonesboro, Louisiana, was terminated after he failed to appear at a criminal proceeding in which his testimony was necessary. Jackson and another officer were replaced by two black officers.

On 7 March 1996, Jackson filed this action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, claiming that he was terminated because of his race; and that the police department's disciplinary procedures were applied in a racially discriminatory manner.

On 30 May 1996, Jackson moved for a default judgment, which the magistrate judge recommended be denied. Jackson sought review by this court of the magistrate judge's recommendation but, on 6 August 1996, we dismissed the appeal for lack of jurisdiction.

The district court accepted the magistrate judge's recommendation and denied the default judgment motion. On 4 September 1997, the district court granted defendants' summary judgment motion.

## II.

Jackson contends that the district court erred by: (1) denying his motion for default judgment; and (2) granting summary judgment, when material fact issues exist.

## A.

Default judgment is warranted "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

2

otherwise defend as provided by [the Federal Rules of Civil Procedure] and that fact is made to appear by affidavit or otherwise". FED. R. CIV. P. 55. Jackson initiated this action on 7 March 1996, and all defendants were served by 24 April 1996. On 24 May 1996, the defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. And, on 30 May 1996, the defendants filed an answer and reiterated their motion to dismiss. Accordingly, for the reasons noted in the magistrate judge's recommendation, the denial of Jackson's 30 May 1996 default judgment was proper. *See* FED. R. CIV. P. 55.

## B.

Jackson appeals the summary judgment dismissal of his two Title VII claims: (1) that he was terminated because of his race; and (2) that the police department's disciplinary procedures were applied in a racially discriminatory manner. Of course, we review summary judgment *de novo*. *E.g.*, *BellSouth Telecommunications, Inc. v. Johnson Bros. Corp.*, 106 F.3d 119, 122 (5th Cir. 1997). Equally well-established is that the nonmovant may not rely on allegations made in the pleadings to establish a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## 1.

Concerning the discriminatory discharge claim, and even assuming that Jackson established a *prima facie* claim, he failed to present evidence showing that the nondiscriminatory reason for his termination (his failure to respond to a subpoena in a criminal proceeding, resulting in dismissal of criminal charges) was pretextual, and that defendants' true motive was discriminatory. *See* **St. Mary's Honor Ctr. v. Hicks**, 509 U.S. 515-16 (1993). Jackson's contention that he was never adequately informed that he was required to appear in the criminal proceeding is irrelevant for the purposes of this issue. **Mayberry v. Vought Aircraft Co.**, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive. Even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason.") (internal quotation, indentation, and citation omitted).

2.

To establish a discriminatory discipline claim, Jackson must "show that white employees were treated differently under circumstances 'nearly identical' to his". **Id.** at 1089. Jackson has failed to allege that any other Jonesboro Police Department Officers have failed to appear in a criminal proceeding of which they had knowledge, resulting in dismissal of charges.

C.

4

In conjunction with the above contentions, Jackson also appears to claim district court error in allowing the defendants to submit immaterial and inadmissible evidence; taking his claims out of their chronological order; and making untrue, biased, and prejudicial remarks from the bench. These conclusory contentions are not adequately briefed; we do not address them.

III.

Accordingly, we **AFFIRM** for essentially the reasons stated in the district court's summary judgment order and the magistrate judge's recommendation of denial of default judgment.

*AFFIRMED*